**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**DAVID M. GRIGGS**

        **Petitioner,**

**v.**                                                **Civil Action No. 5:13cv164**
                                                         **(Judge Stamp)**

**WARDEN ANNE MARY CARTER,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On May 13, 2014, the *pro se* petitioner, David M. Griggs (hereinafter "Griggs") filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. On January 16, 2014, he paid the $5.00 filing fee in lieu of submitting an application to proceed *in forma pauperis*. Accordingly, this case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 2.

### II. FACTS[1]

On March 8, 2000, a grand jury sitting in the Middle District of Pennsylvania returned an indictment against Griggs charging him and his co-defendant with possession with intent to distribute cocaine base (crack cocaine). On September 27, 2000, a grand jury returned a superseding, four-count indictment. Count One charged Griggs and his co-defendant with conspiracy to possess with intent to distribute more than fifty (50) grams of cocaine base (crack cocaine) in violation of 21 U.S.C. § 841 (b)(1)(A)(iii) and 21 U.S.C. § 846. Griggs was charged

---

[1] The history of Griggs' criminal conviction, appeal and § 2255 motion are taking from Document 258 on his criminal docket, 4:00-cr-00072-YK-1, available on PACER.

in Counts Two and Three with possession with intent to distribute cocaine base in violation §§ 841(a)(1), 841(b)(1)(A)(iii) and 18 U.S.C. § 2. On October 11, 2000, a second superseding indictment was returned by the grand jury. Griggs and his co-defendant were charged in Count One with conspiracy to possess with intent to distribute more than fifty (50) grams of cocaine base (crack cocaine), in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A)(iii). Count Two charged Griggs with possession with intent to distribute and distribution of cocaine base (crack cocaine), and aiding and abetting same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count Three also charged Griggs with possession with intent to distribute and distribution of cocaine base (crack cocaine), and aiding and abetting same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count Four of the second superseding indictment charged Griggs and his co-defendant with possession with intent to distribute more than fifty (50) grams of cocaine base (crack cocaine), aiding and abetting same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On January 10, the government filed an information giving notice to Griggs of its intent to rely upon prior convictions pursuant to 21 U.S.C. § 851(a).

Following a bench trial, the court found Griggs guilty on Counts One, Three and Four. On July 8, 2002, Griggs was sentenced to a term of imprisonment of 240 Months on each of Counts One, Three and Four, with the sentences to run concurrently. He also was sentenced to 10 years supervised release on each count, with the terms of supervised release to run concurrently.

On July 12, 2002, Griggs timely filed his notice of Appeal. On February 11, 2003, Griggs filed a motion to vacate or correct sentence pursuant to 28 U.S.C. § 2255. On March 12, 2003, the motion was dismissed without prejudice because his appeal was still pending. On June 19,

2003, the Third Circuit affirmed Griggs' judgment of conviction. On August 9, 2003, Griggs re-filed his § 2255 motion. The District Court denied his motion on December 21, 2004.

### III.   ISSUES PRESENTED

In his petition, Griggs raises four grounds for relief: (1) actual innocence of Counts One, Three, Four, and his sentence enhancement; (2) "new evidence . . . that should have been presented at trial;" (3) constitutional violations; and (4) Ineffective assistance of counsel. (Doc. No. 1)[2]. In regards to his first count, Griggs believes that he was found guilty of a conspiracy charge from an "out of court alleged statement" made by a co-defendant, who stated that he would sometimes go with Griggs to Philadelphia to purchase cocaine. Griggs believes that this statement, and his trial counsel's failure to "object to the admitting of this statement," violated Griggs' Sixth Amendment rights, specifically that of the confrontation clause. (*Id.*, p. 2 & 3).

In regards to Count Three, Griggs believes he was found guilty on "false/perjury testimony" from a confidential informer and an ex-officer in regards to a controlled purchase. (*Id.* at p. 3 & 4). Griggs opines that he possessed evidence in the form of AT&T call lists that show the falsehood of the testimony made by the confidential informer which, if revealed at trial, would have shown his innocence. (*Id.*).

As for Count Four, Griggs believes that the count is based on an illegal traffic stop that violated his Fourth Amendment rights. (*Id.* at p. 7). Griggs alleges that the testimony from Corporal Iankouskas, the police officer who initiated the traffic stop, was fraud/perjury because the stop was initiate by a police officer who noticed that the temporary tags were expired, which Griggs believes were not expired. (*Id.*). Griggs believes he possesses new evidence that would

---

[2] On December 9, 2013, a Notice of Deficient Pleading was filed in regards to Doc. No. 1. On December 24, 2013, a Court-Approved Form was filed, but most of the areas filled out on the form instruct the reader to refer to Doc. No. 1.

have proven that the testimony was fraud/perjury, and that his trial counsel did not use the evidence. (*Id.*).

Finally, in regards to his sentence enhancement, Griggs believes it should be dismissed because he was allegedly denied the right of counsel during the trial of that underlying conviction. (*Id.* at p. 13). More specifically, Griggs refers to a plea agreement that was entered without a plea colloquy. (*Id.*). Accordingly, Griggs argues the prior conviction should not be admissible for a sentencing enhancement.

## IV. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar[3], the prohibition against successive

---

[3] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within to file any federal habeas corpus motion. 28 U.S.C. § 2255.
    The limitation period shall run from the last of:
        a. The date on which the judgment of conviction becomes final;

4

petitions, or a procedural bar due to the failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Moreover, in *Jones*, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of the constitutional law[4].

*In Re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, in order to raise his claims regarding his conviction under § 2241, Griggs must first establish that he is entitled to review under § 2241 by meeting the *Jones* requirements[5]. Griggs has not, and cannot satisfy the *Jones* requirements. Even if he could satisfy the first and third elements of *Jones*, the crimes for which Griggs was convicted remain criminal offenses,

---

b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255

[4] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:

(1) newly discovered evidence that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; *See Jones*, 226 F.3d at 330.

[5] *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); *see also Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); *Royal v. Taylor*, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

5

and therefore, he cannot satisfy the second element of *Jones*. Moreover, to the extent that Griggs is challenging his enhanced sentence as a career offender, such challenge is not cognizable in a § 2241 petition.

Fundamentally, "Fourth Circuit precedent does not support the extension of the savings clause to petitioners who challenge only their sentences." *Petty v. O'Brien*, No. 1:11cv9, 2012 WL 509852 (N.D.W. Va. Feb. 15, 2012) (citing *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. *Darden v. Stephens*, 426 F.App'x 173, 174 (4th Cir. 2011) (per curiam) (emphasis added) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying conviction," not just "innocence" of a sentencing factor. *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011)(per curiam). Here, Griggs cannot establish that the conduct for which he was actually convicted is no longer criminal. *See In re Jones*, 226 F.3d at 334. Accordingly, he is not entitled to proceed under § 2241. *See*, *e.g.*, *James v. Stansberry*, No. 3:08-512, 2009 WL 320606, at *2 (E.D. Va. Feb. 9, 2009) (collecting cases); *See also Cooper v. Warden FCI Williamsburg*, No. 4:10-2402, 2010 WL 6297767, at *3 (D.S.C. Dec. 1, 2010) ("Petitioner's action seeking a determination that he is actually innocent of a[n] [ACCA] sentence enhancement fails to state a cognizable § 2241 claim.").

Accordingly, relying on the decision in *Petty*, and the guidance of the Fourth Circuit in *Darden*, the undersigned concludes that Griggs has failed to state a cognizable § 2241 claim with respect to his sentencing enhancement. *See also Little v. Hamidullah*, 177 F.App'x 375, 375-76 (4th Cir. 2006); *Green v. Hemingway*, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is

assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); *Kinder v, v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); *White v. Rivera*, 518 F.Supp.2d 752, 757 n.2 (D.S.C. 2007), aff'd 262 F.App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'"); *Boynes v. Berkebile*, No. 5:10cv00939, 2012 WL 1569563, *7 (S.D.W. Va. May 1, 2012).

## V.    RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petition be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to counsel of record via electronic means.

DATED: 7-16-2014

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE