IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


DAVID M. GRIGGS,

        Petitioner,

v.                                    Civil Action No. 5:13CV164
                                                          (STAMP)
ANNE MARY CARTER, Warden,
FCI Morgantown, West Virginia,

        Respondent.


                  **MEMORANDUM OPINION AND ORDER**
                 **AFFIRMING AND ADOPTING REPORT AND**
                **RECOMMENDATION OF MAGISTRATE JUDGE**

                      I.  Procedural History

    On December 19, 2013, pro se[1] petitioner, David Griggs, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 asserting the following four grounds for relief.  The petitioner makes four claims.  First, the petitioner asserts his actual innocence of Counts One, Three, Four, and of his sentence enhancement.  Second, the petitioner contends that new evidence should have been presented at trial.  Third, the petitioner states that constitutional violations occurred in his case.  Fourth, the petitioner asserts claims of ineffective assistance of counsel.

    In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate Robert W. Trumble for initial review and report and recommendation.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1416 (10th ed. 2014).

Magistrate Judge Trumble issued a report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. Thereafter, the parties did not file objections. For the reasons set forth below, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety.

## II. Facts

On March 8, 2000, a grand jury in the Middle District of Pennsylvania returned an indictment against the petitioner charging him and his co-defendant with possession with intent to distribute cocaine base. Two superceding indictments were thereafter returned. The petitioner went to trial and following a bench trial, the Court found the petitioner guilty as to Counts One, Three, and Four. Count One charged the petitioner with conspiracy to possess with the intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 846, and 841(b)(1)(A)(iii). Count Three of the superceding indictment charged the petitioner with possession with intent to distribute and the distribution of cocaine base, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count Four of the superceding indictment charged the petitioner and

2

his co-defendant with the intent to distribute more than 50 grams of cocaine base, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Prior to the trial, the petitioner was given notice of the government's intent to rely upon prior convictions pursuant to 21 U.S.C. § 851(a).

After being found guilty of Counts One, Three, and Four, the district court sentenced the petitioner to 240 months of imprisonment on each count to run concurrently, with 10 years of supervised release on each court to run concurrently.  The petitioner appealed his sentence, and the United States Court of Appeals for the Third Circuit affirmed the petitioner's judgment of conviction.  The petitioner then filed a motion to vacate or correct a sentence pursuant to 28 U.S.C. § 2255, which the district court denied.

### III.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made.  Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

### IV.  Discussion

Having reviewed the magistrate judge's report and recommendation for clear error, and finding none, this Court agrees

that the petitioner improperly challenges his sentence under § 2241 and that he has failed to demonstrate that 28 U.S.C. § 2255 affords an inadequate or ineffective remedy. A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

In this case, the petitioner has failed to establish the elements required by Jones. As the magistrate judge stated, even if the petitioner satisfied the first and third elements of Jones, the violations that the petitioner was convicted of remain criminal

4

offenses.  Thus, the petitioner cannot satisfy the second element of <u>Jones</u>.  Accordingly, because a remedy by motion under § 2255 is not inadequate or ineffective, the magistrate judge's report and recommendation dismissing the petitioner's § 2241 petition as to his arguments concerning Counts One, Three, and Four, with prejudice is not clearly erroneous.

Further, as to the defendant's claims concerning his sentencing enhancement, such a challenge, by itself, is not cognizable in a § 2241 action.  The Fourth Circuit has confined the use of the savings clause to "instances of actual innocence of the underlying offense of conviction, not just innocence of a sentencing factor." <u>Petty v. O'Brien</u>, No. 1:11CV9, 2012 WL 509852 at *2 (N.D. W. Va. Feb. 15, 2012) (quoting <u>Darden v. Stephens</u>, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender)).  As stated above, the crimes that the petitioner was actually convicted of remain criminal.  Accordingly, the petitioner's § 2241 petition must be denied insomuch as it challenges only his sentence because such a challenge is not cognizable under § 2241 through the use of the savings clause.

V. <u>Conclusion</u>

For the reasons set forth above, this Court finds no clear error in the report and recommendation of the magistrate judge (ECF

5

No. 14), and it is therefore AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 19, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE